# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Shahla Marie Thompson (2),

        Defendant.

Crim. No. 19-203 (NEB/BRT)

**ORDER**

Julie E. Allyn, Esq., United States Attorney's Office, counsel for Plaintiff.

Robert W. Owens, Jr., Owens Law, L.L.C., counsel for Defendant Thompson.

This action came on for hearing before the Court on October 30, 2019, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. Defendant Shahla Marie Thompson presented various pretrial motions, and the Government presented a motion for discovery. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1.      **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim.

P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (**Doc. No. 37**) is **GRANTED**. The Government must disclose the identity of any non-rebuttal experts **four weeks** before trial. All non-rebuttal expert disclosures must be made **three weeks** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **two weeks** before trial.

2.    **Defendant's Motion to Strike Surplusage from Indictment.** Defendant moves to strike what it terms "surplusage" from the Indictment. Specifically, Defendant asks the Court to strike the descriptions of the photographs in Count 1 of the Indictment on the grounds that it is unnecessary and prejudicial to the Defendant. The Defendant makes no further argument as to why the descriptions should be stricken. The Government opposes the motion. The Court agrees with the Government that the allegations at issue are relevant to the charges asserted against Defendant in the Indictment. Therefore, Defendant's Motion to Strike Surplusage from Indictment (**Doc.**

**No. 41)** is **DENIED WITHOUT PREJUDICE**. This Order does not preclude Defendant from filing motions *in limine* relating to the exclusion of evidence that relates to the allegations made against Defendant.

3.      **Defendant's Motion for Discovery and Inspection.** Defendant requests an order requiring the Government to produce all Rule 16 materials, all statements made by Defendant that are within the Government's possession, the substance of any oral statement that the Government intends to offer at trial made by Defendant, as well as a copy of Defendant's prior criminal record. Defendant also requests permission to inspect all material evidence and all reports of examinations and scientific tests within the Government's possession. In addition, Defendant seeks to know the existence of any electronic surveillance of Defendant, any co-Defendants, or any co-conspirators. The Government represents that it has complied with all of its discovery obligations under the Rules and that it will continue to comply. Defendant's Motion for Discovery and Inspection (**Doc. No. 42)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot.

4.      **Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance.** Defendant originally filed a motion seeking disclosure and certification of the electronic surveillance, including either wiretapping and interceptions of telephone conversations, or any form of surveillance by radio transmissions or receptions, or any other form of electronic surveillance or detection used by the Government in its investigation of the Defendant. Defendant also sought disclosure of all matters pertaining thereto. The Government asserts that there was no

electronic surveillance in this case. At the hearing, Defendant's counsel confirmed that based on the Government's representation, he withdraws this motion. Accordingly, Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance **(Doc. No. 43)** is **WITHDRAWN**.

     **5.**      **Defendant's Pretrial Motion for Disclosure of 404 Evidence.** Defendant moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government represents that it will fully comply with Rule 404, however objects to immediate disclosure. At the hearing, the Government represented that it was agreeable to disclosure three weeks prior to trial. Defendant's Motion for Disclosure of 404 Evidence **(Doc. No. 44)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **three weeks** prior to trial.

     **6.**      **Defendant's Motion for Early Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting disclosure of Jencks Act material at least two weeks before trial. The Government objects to this motion on the grounds that this Circuit has repeatedly held that the government may not be required to make pretrial disclosure of Jencks material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or

inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Material (**Doc. No. 45**) is **DENIED**. Nothing in this Order, however, precludes the Government from voluntarily disclosing Jenks Act material before trial as is customarily done in this District.

7.     **Defendant's Motion for Early Disclosure of Giglio Material.** Defendant moves, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963), for an order compelling the Government to disclose evidence that detracts from the credibility or probative value of testimony or evidence used by the prosecution, and identification of each occasion on which a prospective government witness testified before any court, grand jury or tribunal, or has narrated any statement or provided information concerning this case. The Government states that it will comply fully with its obligations under *Brady* and *Giglio*, but objects to disclosure outside the obligations under *Brady*, *Giglio*, the Jencks Act, and Rule 16. Defendant's Motion for Early Disclosure of Giglio Material (**Doc. No. 46**) is **GRANTED** to the extent required by *Brady* and *Giglio*. To the extent that the motion seeks early disclosure of Jencks Act material, the motion is **DENIED**, but nothing precludes the Government from making Jencks Act material available to Defendant prior to trial as is customarily done in this District.

8.     **Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it will comply fully

with its obligations under *Brady* and *Giglio*, but objects to disclosure outside the obligations under *Brady*, *Giglio*, the Jencks Act, and Rule 16. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 47)** is **GRANTED** to the extent required by *Brady* and *Giglio*. To the extent that the motion seeks early disclosure of Jencks Act material, the motion is **DENIED**, but nothing precludes the Government from making Jencks Act material available to Defendant prior to trial as is customarily done in this District.

9. **Defendant's Motion for Government to Provide Grand Jury Testimony of Any Witness Who Will Testify at Suppression Hearing.** Defendant sought the Grand Jury testimony of any witness who would testify at the suppression hearing. The Government represents that the suppression hearing witness did not testify before the Grand Jury. Accordingly, Defendant's Motion for Government to Provide Grand Jury Testimony of Any Witness Who Will Testify at Suppression Hearing **(Doc. No. 48)** is **DENIED AS MOOT**.

10. **Defendant's Motion for Disclosure of Expert Witness Testimony.** Defendant seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial. The Government represents that it is fully aware of its obligations under the Rules and that it intends to comply with them. Defendant's Motion for Disclosure of Expert Witness Testimony **(Doc. No. 49)** is **GRANTED IN PART** to the extent that it conforms to the scope of Rule 16. The Government must disclose the identity of any non-rebuttal experts **four weeks** before trial. All non-rebuttal expert disclosures must be made **three weeks** before trial. Any

rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **two weeks** before trial.

11.     **Defendant's Motion for Government's Agents to Retain Rough Notes.**

Defendant moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not object to the motion and represents that it has instructed its agents to retain their rough notes until this case is concluded. Defendant's Motion for Government's Agents to Retain Rough Notes **(Doc. No. 50)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

12.     **Defendant's Motion to Exclude Evidence of Other Crimes.** Defendant moves the Court for an Order excluding all evidence of other alleged criminal or wrongful acts by Defendant from trial that the Government intends to offer. The Government opposes the motion. Defendant's motion is boilerplate and offers no particularity as to what specific evidence Defendant seeks to exclude or explanation for why the evidence is not relevant. Furthermore, this motion is better raised as a motion *in limine* before trial. Accordingly, Defendant's Motion to Exclude Evidence of Other Crimes **(Doc. No. 52)** is **DENIED WITHOUT PREJUDICE**.

13.     **Defendant's Motion for Participation by Counsel in Voir Dire.**

Defendant requests that his counsel be allowed to participate in jury voir dire. Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court. Defendant's Motion for Participation by Counsel in Voir Dire **(Doc.**

**No. 53)** is **DENIED WITHOUT PREJUDICE**. Defendant is not hereby precluded from making his motion directly to the trial court.

14.     **Defendant's Motion to Sever Counts.** Defendant moves for severance of counts on the grounds that (1) the Defendant may wish to testify on her own behalf on one of the counts, but not the other; (2) evidence that would be inadmissible were the counts tried separately may be admitted and considered by the jury to the prejudice of Defendant; (3) the jury will have insurmountable difficulty distinguishing evidence presented on one count from evidence presented on the other count; and (4) Defendant will obtain a fair and more impartial trial if she is tried separately. The Government asserts that severance of the counts is improper. After the deadline for filing motions had passed, Defendant filed a brief in support of her severance motion. (Doc. No. 90.) The Court requests a post-hearing response from the Government. The Government shall file its response on or before **December 4, 2019**. The Court will take Defendant's Motion to Sever Counts **(Doc. No. 54)** under advisement on **December 4, 2019**, and will issue a **Report and Recommendation** to the District Court.

15.     **Defendant's Motion to Sever Defendants.** Defendant filed a motion seeking an order severing her trial from that of her co-Defendant. The Defendant's co-Defendant has since filed a letter withdrawing all motions in this case (Doc. No. 79), and had a plea hearing on October 29, 2019 (Doc. No. 91). At the hearing, Defendant's counsel agreed that this motion is now moot. Therefore, Defendant's Motion to Sever Defendants **(Doc. No. 55)**, is **DENIED AS MOOT**.  This Court will not issue a Report and Recommendation to the District Court on this motion.

**16.      Defendant's Motion for Release on Bond.** Defendant originally filed a motion seeking reconsideration of her pretrial detention and release pending trial to a halfway house. Prior to the hearing, Defendant's counsel represented that he would be withdrawing this motion, and at the hearing Defendant's counsel confirmed that he would like to withdraw this motion without prejudice. Accordingly, Defendant's Motion for Release on Bond **(Doc. No. 58)** is **WITHDRAWN** without prejudice to refiling if necessary.

**17.      Defendant's Second Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant seeks an order suppressing any physical evidence obtained as a result of the search and seizure of two cell phones on May 21, 2018, on the grounds that "[t]he search and seizure was conducted without warrant, without probable cause, lacking in any exigent circumstances using coercive tactics while the defendant was in de facto custody." (Doc. No. 74.) Because of the late filing of this motion, the Government has not filed a response. The Court requests post-hearing briefing on the issue. Defendant shall file her post-hearing brief no later than **November 20, 2019**, and the Government shall file its response by **December 4, 2019**. The Court will take Defendant's Second Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. No. 74)** under advisement on **December 4, 2019**, and issue a **Report and Recommendation** to the District Court.

**18.      The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Nancy E. Brasel.

Date:  October 31, 2019

 *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge