# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-CR-203(2) (NEB/BRT) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| SHAHLA MARIE THOMPSON, | |
| Defendant. | |

This matter is before the Court on Defendant Shahla Marie Thompson's objection to the January 3, 2020 Report and Recommendation ("R&R") of United States Magistrate Judge Becky R. Thorson [ECF Nos. 112, 113]. Judge Thorson recommends denying Thompson's motion to suppress evidence obtained as a result of a search and seizure completed in this case [ECF No. 74], and Thompson's motion to sever counts [ECF No. 54]. The Court has conducted a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2. Based on that review, the Court accepts the R&R.

## ANALYSIS

The undisputed facts are set forth in the R&R and are incorporated by reference. Thompson argues that her consent to search the car was not voluntary and that the

1

charges in the indictment are not of a similar character for purposes of severance. The Court addresses each argument in turn.

I.   **Motion to Suppress**

*A. Background*

On May 21, 2018,[1] Investigator Christopher Weber executed a search warrant that allowed him to seize the cellular phones of Thompson and Adam Reitz. (Hr'g Tr. at 25, 27.) He knew they would be at the Child Protection Services offices that day. (Hr'g Tr. at 27.) Investigator Weber and another investigator met Reitz and Thompson in a conference room and informed them they were not under arrest and that they were free to leave at any time. (Body Cam Video at 0:52–1:01.) Investigator Weber then told them that he had a search warrant to seize their phones. (*Id.* at 2:55–3:00.) Both Reitz and Thompson told Investigator Weber their phones were in Reitz's mother's car, which was in the parking lot out front. (*See id.* at 3:00-3:08, 6:47–7:03.) The search warrant did not authorize Investigator Weber to search the car, so he informed them he would be impounding the car until he could request a search warrant for the car. (*See Id.* at 7:07–7:27.) Within ten minutes of meeting Investigator Weber, Thompson and Reitz decided to get their phones from the car. (*Id.* at 9:16–9:34.) Thompson and Reitz turned over their phones to Investigator Weber and Thompson told him her password. (*Id.* at 11:20–12:28.)

---

[1] The R&R provides a detailed account of the event, which is also reflected in Investigator Weber's testimony at the suppression hearing, [ECF No. 98 ("Hr'g Tr.")], and on Investigator Weber's body camera video, [Hr'g Tr. Ex. 1 ("Body Cam Video")].

2

Investigator Weber then asked if he could search the car for any other electronics or data storage devices (e.g., USB drives). (*Id.* at 13:05–13:28.) Thompson unlocked the car and Investigator Weber searched it for less than two minutes. (*Id.* at 13:17–14:56.) Investigator Weber then confirmed that Thompson and Reitz were free to use the car. (*Id.* at 15:10–15:18.)

   *B. Analysis*

Thompson now contends that she did not voluntarily consent to the search of the car for the phone and moves to suppress the seizure of the phone. Because Investigator Weber's search warrant did not cover the search of the car for the phones, the Court must analyze whether he reasonably believed Thompson gave him voluntary consent to search the car. *United States v. Guerrero*, 374 F.3d 584, 588 (8th Cir. 2004) ("[W]hether or not the suspect has actually consented to a search, the Fourth Amendment requires only that the police reasonably believe the search to be consensual." (citation omitted)). The Court looks at the totality of the circumstances to determine whether the consent was voluntary. *United States v. Arciniega*, 569 F.3d 394, 398 (8th Cir. 2009). This analysis involves consideration of ten factors: (1) the individual's age and mental ability; (2) whether the individual was intoxicated or under the influence of drugs; (3) whether the individual was informed of her *Miranda* rights; (4) whether the individual was aware, through prior experience, of the protections that the legal system provides for suspected criminals; (5) the length of detention; (6) whether the police used threats, physical intimidation, or

punishment to extract consent; (7) whether the police made promises or misrepresentations; (8) whether the individual was in custody or under arrest when consent was given; (9) whether the consent was given in public or in a secluded location; and (10) whether the individual stood by silently or objected to the search. *Id.* No single factor is dispositive or controlling in determining voluntary consent. *United States v. Bradley*, 234 F.3d 363, 366 (8th Cir. 2000). Based on its review of the record, the Court finds that a reasonable officer would have believed that Thompson consented to the search.

Thompson does not contest that factors eight, nine, and ten weigh in favor of finding voluntary consent. [*See* ECF No. 114 at 4.] As to the first two factors, Thompson relies on her age (25) and her addiction to methamphetamine. The Court reviewed the recording of the interaction, and nothing about Thompson's actions suggests she has any mental limitations due to her age or that she was under the influence of drugs or alcohol at the time of the encounter. These two factors do not assist Thompson. *See, e.g., United States v. Hanson*, No. 09-CR-4057 (MWB), 2010 WL 1137486, at *11 (N.D. Iowa Mar. 19, 2010) (finding voluntary consent when the party was an adult who appeared to have normal intelligence and did not appear to be under the influence of drugs or alcohol at the time of the consent).

Factors three and four are similarly unhelpful to the defendant. She argues that the lack of a *Miranda* warning and her limited knowledge of the protections of the legal system weigh in her favor. But a *Miranda* warning is not required before requesting

voluntary consent to search. *United States v. Saenz*, 474 F.3d 1132, 1137 (8th Cir. 2007). And Thompson has a prior arrest, which could lead a reasonable officer to believe that she had a general understanding of the rights of suspected criminals, including her *Miranda* rights. In addition, Thompson was in the room when Reitz asked Investigator Weber about contacting an attorney prior to the search. (Body Cam Video at 5:07–5:14.) And she was present when, after she and Reitz gave consent to search the car, Investigator Weber repeated that they had the right to contact an attorney prior to the search. (*Id.* at 9:30–9:33.) At no point did Thompson ask for an attorney. Other courts have found consent voluntary in similar circumstances. *See, e.g.*, *United States v. Golinveaux*, 611 F.3d 956, 959–60 (8th Cir. 2010) (finding that a person not given a *Miranda* warning still had a general understanding of her rights based on prior arrests and consent was voluntary).

Finally, factors five, six, and seven, which consider the conditions of detention, weigh in favor of finding voluntary consent. Thompson argues that Investigator Weber threatened prolonged detention by impounding the car and coerced her consent by promising to release the car once the search was complete. After she told the investigators she might have work the next day, another investigator in the room assured her that she would have her purse and the car back by then. (*See* Body Cam Video at 7:36–7:49.) She argues that this assurance amounted to a threat that the investigators would hold the car overnight, which in turn amounted to a prolonged detention.

5

After reviewing the record, the Court does not agree with Thompson's characterization of the assurance as a threat. Although Thompson argues the hold on the car could have lasted overnight, the entire encounter lasted about twenty minutes. Investigator Weber's statement that he would impound the car was not an improper threat or promise. Statements by police are improper threats or promises when they imply that the party has no choice but to consent. *See United States v. Escobar*, 389 F.3d 781, 786 (8th Cir. 2004). None of Investigator Weber's statements implied that Thompson must consent. He repeatedly told her that she did not have to consent and that it was "perfectly ok" for her to wait for an attorney. (Body Cam Video at 9:27–9:33.) He gave her multiple options[2] that made it clear that her decision not to consent would not be held against her. These were truthful statements. They do not amount to threats, misrepresentations, or promises. *See, e.g.*, *United States v. Larson*, 978 F.2d 1021, 1024 (8th Cir. 1992) (finding voluntary consent even when consent was based on party's correct assumption that if she refused, the officers would apply for a search warrant).

The Court, looking at a totality of the circumstances, concludes that a reasonable officer would believe that Thompson voluntarily gave consent to Investigator Weber to search the car. *See, e.g.*, *Golinveaux*, 611 F.3d at 957–58 (finding voluntary consent when

---

[2] Throughout the encounter Investigator Weber gave Thompson and Reitz the options to (1) consent to the search (Body Cam Video at 3:10–3:37, 4:33–5:06, 9:24–9:30), (2) speak to an attorney (*id.* at 5:09–5:30, 9:30–9:33), (3) wait for a search warrant (*id.* at 7:07–7:15, 8:14–8:44), and (4) leave at any time (*id.* at 0:54–1:02, 9:15–9:22). At no point did Investigator Weber indicate that their only choice was to consent to the search.

several officers held the defendant for thirty-eight minutes and requested her consent to search her car). Thompson's objection to this portion of R&R is overruled.

## II. Motion to Sever

Next, Thompson objects to the R&R's conclusion that the counts against her should not be severed. She is charged with two counts: Count 1 for production of child pornography and Count 3 for receipt of child pornography. [ECF No. 29.] The Court understands Thompson to argue two points: first, that the R&R erred in concluding the counts were properly joined under Rule 8 of the Federal Rules of Criminal Procedure; and second, even if the counts were properly joined, the R&R erred in not recommending the counts be severed for prejudice under Rule 14. The Court finds that the joinder of the counts was proper, and the record contains an insufficient showing of prejudice to sever the counts.

### A. *Rule 8*

Rule 8 of the Federal Rules of Criminal Procedure, which permits joinder of offenses with similar character, should be "broadly construed in favor of joinder." *United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002). The indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of common scheme or plan." Fed. R. Crim. P. 8(a). "Joinder is proper if

7

any one of these three standards is met." *United States v. Kirk*, 528 F.3d 1102, 1107 (8th Cir. 2008).

The counts against Thompson are of a same or similar character. They "refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each overlaps." *United States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999) (citation omitted). Both counts involve child pornography, and other courts have found that counts alleging various child pornography crimes are the same type of offense. *See, e.g.*, *United States v. Haggerty*, No. CR-14-50046-JLV, 2017 WL 499938, at *2 (D.S.D. Feb. 7, 2017). In addition, the time between the two counts is approximately seven months. The Eighth Circuit routinely finds that counts that occur within two years of each other occur "over a relatively short period of time." *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011) (collecting cases). Finally, courts have found that the evidence for the counts overlap if one count was charged in response to an investigation into the other. *See, e.g.*, *United States v. Lindsey*, 782 F.2d 116, 118 (8th Cir. 1986). Here, the affidavit in support of the criminal complaint makes clear that Count 1 was charged after an investigation into Count 3. [ECF No. 1-1.] Because the counts are of a same or similar character, they are properly joined.

### B. Rule 14

A district court may order the severance of properly joined counts if it appears that a defendant or the government is prejudiced by a joinder of the offenses. Fed. R. Crim. P.

8

14. There is "a strong presumption against severing properly joined counts." *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010). Thompson argues she will be unfairly prejudiced because (1) prejudice will result from evidence of Count 3 being admitted during a trial for Count 1, and (2) Thompson only wants to testify about Count 1.

As to the first of these arguments, the Court concludes that because Count 3 may be admissible at a separate trial on Count 1 as Rule 404(b) evidence, severance would be improper. "No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." *Id.* at 442. Rule 404(b) of the Federal Rules of Evidence allows evidence of prior bad acts to demonstrate, among other things, absence of mistake, intent, or knowledge. Fed. R. Evid. 404(b). Other courts have found that if a defendant argues he or she lacked the intent necessary to commit crimes involving child pornography, then prior bad acts are admissible to negate that argument. *See, e.g., Haggerty*, 2017 WL 499938, at *7–*8 (finding receipt of child pornography charge admissible under Rule 404(b) to show defendant's intent in current case); *United States v. Johnson*, No. 04-CR-12-LRR, 2006 WL 2548913, at *4 (N.D. Iowa Aug. 31, 2006) (finding evidence of deleted child pornography likely admissible under Rule 404(b) to demonstrate knowledge, intent, or lack of mistake when defendant argued mistake and lack of intent to possessing child pornography). Thompson has stated she intends to argue she lacked the intent necessary to produce child pornography as charged in

9

Count 1. Evidence of Count 3 may be admissible as Rule 404(b) evidence on Count 1. This circumstance counsels against granting severance.

As to the second argument, a defendant arguing for severance to testify on one count must provide a persuasive and detailed showing regarding the testimony she would give on the count she wishes to be severed and the reasons why she cannot testify on the other counts. *McCarther*, 596 F.3d at 443. The Court understands that Thompson wants to testify on Count 1 that her memory loss means she did not have the necessary intent to commit the crime charged. She does not make an argument about why she cannot testify on Count 3, claiming that she will unfairly be required to disclose trial strategy to make such an argument. To provide a persuasive and detailed showing of why Thompson's counts should be severed she may need to disclose her proffered testimony and as a result may disclose trial strategy. *See id.* Moreover, there will always be some prejudice when two similar counts are tried together. Without a detailed showing of her proffered testimony or her reasons for not testifying about the other counts, the Court will not sever the counts. Thompson's objection to this part of the R&R is overruled.

The parties do not object to any other aspect of the R&R. The Court determines whether the recommendations are clearly erroneous or contrary to law when no objection has been made. *See* Fed. R. Crim. P. 59; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996)

(per curiam). Having reviewed those portions of the R&R to which the parties have not objected, the Court finds no clear error.

## CONCLUSION

Based on all the files, records, and proceedings herein, the Court OVERRULES the defendant's objections [ECF No. 113] and ACCEPTS the R&R [ECF No. 112]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant Thompson's Second Motion to Suppress Evidence Obtained as a Result of Search and Seizure [ECF No. 74] is DENIED; and

2. Defendant Thompson's Motion to Sever Counts [ECF No. 54] is DENIED.

Dated: February 28, 2020                     BY THE COURT:

                                             s/Nancy E. Brasel
                                             Nancy E. Brasel
                                             United States District Judge